| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Kenneth Alexander Hoffmann** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | **Jennifer Michelle Hoffmann** | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION** | | |
| Case number: | 18-63233-PMB | |
| (If known) | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
1.1; 2.1; 2.3; 3.2; 4.4; 9.1

# First Amended Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

| Part 1: | Notices |
|---|---|

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☑ Included | ☐ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

Debtor **Kenneth Alexander Hoffmann** Case number
**Jennifer Michelle Hoffmann**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*   ☐ 36 months    ☑ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$788.00** per **Month** for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

### § 2.2   Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

### § 2.3   Income tax refunds.

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years __**2018, 2019, 2020, 2021, 2022**__, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

### § 2.4   Additional Payments.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### § 2.5   [Intentionally omitted.]

### § 2.6   Disbursement of funds by trustee to holders of allowed claims.

**(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

**(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

| Debtor | **Kenneth Alexander Hoffmann** | Case number | |
|---|---|---|---|
| | **Jennifer Michelle Hoffmann** | | |

    **(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

    (A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

    (B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

    (C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

    (D) To pay claims in the order set forth in § 2.6(b)(3).

    **(2) Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

    (A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

    (B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

    (C) To pay claims in the order set forth in § 2.6(b)(3).

    **(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

    (A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

    (B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

    (C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

    (D) To pay other Allowed Secured Claims as set forth in § 3.6;

    (E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

    (F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

    **(4)** Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**§ 3.1    Maintenance of payments and cure of default, if any.**

    *Check one.*

    ☐    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Debtor | **Kenneth Alexander Hoffmann** | Case number | |
| | **Jennifer Michelle Hoffmann** | | |

☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| **Greenwood Townhomes HOA** | **5714 Pine Oak Dr Norcross, GA 30092 Gwinnett County** | $**3,000.00** | **0.00**% | $**60.00** |
| **Home Point Finacnial** | **5714 Pine Oak Dr Norcross, GA 30092 Gwinnett County** | $**7,000.00** | **0.00**% | $**240.00 increasing to $480.00 in June 2020** |

**§ 3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked*.

☑ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|

| Debtor | Kenneth Alexander Hoffmann<br>Jennifer Michelle Hoffmann | | | | | | | Case number | |

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | Georgia Department of Revenue | $1,352.28 | All Debtor's Real and Personal Property<br><br>12/31/2014 | $1,352.28 | $0.00 | $1,352.28 | 5.25% | $192.00 | $192.00 |

§ 3.3    **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑    **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

§ 3.4    **Lien avoidance**.

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5    **Surrender of collateral.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

§ 3.6    **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __5.25__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |

§ 4.1    **General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

§ 4.2    **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

§ 4.3    **Attorney's fees.**

| Debtor | **Kenneth Alexander Hoffmann** | Case number | |
|---|---|---|---|
| | **Jennifer Michelle Hoffmann** | | |

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__**5,000.00**__. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__**240.00**__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__**2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__**2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4    Priority claims other than attorney's fees.**

☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☑    The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| **Name of creditor** | **Estimated amount of claim** |
|---|---|
| **Georgia Department of Revenue** | $**4,077.00** |
| **IRS** | $**15,913.00** |

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**§ 5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐    A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑    A pro rata portion of the larger of (1) the sum of $__**5,000.00**__ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

Debtor  **Kenneth Alexander Hoffmann**  Case number
 **Jennifer Michelle Hoffmann**

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3    Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |

**§ 6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |

**§ 7.1    Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | **Nonstandard Plan Provisions** |

**§ 8.1    Check "None" or List Nonstandard Plan Provisions.**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signatures:** |

**§ 9.1    Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X  **/s/ Kenneth Alexander Hoffmann**          X  **/s/ Jennifer Michelle Hoffmann**
**Kenneth Alexander Hoffmann**                    **Jennifer Michelle Hoffmann**
Signature of debtor 1 executed on  **November 13, 2018**     Signature of debtor 2 executed on  **November 13, 2018**

**5714 Pine Oak Dr**                               **5714 Pine Oak Dr**
**Norcross, GA 30092**                             **Norcross, GA 30092**

X  **/s/ E. Sloane Tait GA Bar No.**              Date:  **November 13, 2018**
**E. Sloane Tait GA Bar No. 716741**

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (April 2018), Version 1.3                         Page 7 of 8

| | |
|---|---|
| Debtor **Kenneth Alexander Hoffmann** **Jennifer Michelle Hoffmann** | Case number |

Signature of attorney for debtor(s)

**Clark & Washington, LLC**
**3300 NE Expressway**
**Building 3**
**Atlanta, GA 30341**
**(404) 522-2222**
**(770) 220-0685 - fax**

**3300 Northeast Expressway**
**Building 3**
**Atlanta, GA 30341**

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | * | CASE NO: 18-63233-pmb |
| | * | |
| Kenneth Alexander Hoffmann | * | CHAPTER: 13 |
| AKA Kenneth A Hoffmann, | * | |
| and | * | |
| Jennifer MichelleHoffmann | * | |
| FKA Jennifer Michelle Kneller, | * | |
| | * | |
| Debtors | * | |

**CERTIFICATE OF SERVICE**

I certify that I served the following parties with a true copy of the attached "Amendment to Chapter 13 Plan" by placing the same in the United States Mail with adequate postage affixed to ensure delivery and addressed to:

Kenneth Alexander Hoffmann
Jennifer Michelle Hoffmann
5714 Pine Oak Dr
Norcross  GA  30092

And, in the same manner, I served the parties listed in the attached matrix at the addresses indicated therein.

I further certify that, by agreement of the parties, Melissa J. Davey, Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

Date:  12/03/2018
/s/
E. Sloane Tait 716741
Attorney for Debtor

CLARK & WASHINGTON, LLC
3300 Northeast Expressway
Building 3
Atlanta  GA  303441
Phone: (404) 522-2222
Fax: (770) 220-0685
Email: ecfnotices@cw13.com

Case 18-63233-pmb    Doc 24    Filed 12/03/18    Entered 12/03/18 13:53:31    Desc Main
Document    Page 10 of 11

```
Label Matrix for local noticing         AT&T Mobility II LLC                    Acceptance Rentals
113E-1                                  c/o AT&T SERVICES INC.                  Attn: Bankruptcy Dept.
Case 18-63233-pmb                       KAREN A. ROOM 3A104                     4771 Britt Rd # 201
Northern District of Georgia            BEDMINSTER, NJ 07921                    Norcross, GA 30003-2284
Atlanta
Thu Nov 29 10:22:28 EST 2018

(p)ANTERO CAPITAL  LLC                  Atlas Acquisitions LLC                  Automated Collections
PO BOX 1931                             294 Union St.                           2802 Opryland Dr
BURLINGAME CA 94011-1931                Hackensack, NJ 07601-4303               Nashville, TN 37214-1200




CCI/Contract Callers Inc                (p)CAINE & WEINER COMPANY               Capital One
Attn: Bankruptcy Dept                   12005 FORD ROAD 300                     Attn: Bankruptcy
501 Greene St Ste 302                   DALLAS TX 75234-7262                    Po Box 30285
Augusta, GA 30901-4415                                                          Salt Lake City, UT 84130-0285



Capital One Bank (USA), N.A.            Chase Card Services                     E. L. Clark
PO Box 71083                            Correspondence Dept                     Clark & Washington, LLC
Charlotte, NC  28272-1083               Po Box 15298                            Bldg. 3
                                        Wilmington, DE 19850-5298               3300 Northeast Expwy.
                                                                                Atlanta, GA 30341-3932


Credit Control                          Melissa J. Davey                        Directv, LLC
Legal Dept/Bankruptcy                   Melissa J. Davey, Standing Ch 13 Trustee by American InfoSource as agent
PO Box 9                                Suite 200                               4515 N Santa Fe Ave
Vero Beach, FL 32961-0009               260 Peachtree Street, NW                Oklahoma City, OK 73118-7901
                                        Atlanta, GA 30303-1236


ERC/Enhanced Recovery Corp              (p)GEORGIA DEPARTMENT OF REVENUE        Heritage Property Management Services
Attn: Bankruptcy                        COMPLIANCE DIVISION                     Heritage Property Management Service, RA
8014 Bayberry Road                      ARCS BANKRUPTCY                         500 Sugar Mill Road
Jacksonville, FL 32256-7412             1800 CENTURY BLVD NE SUITE 9100         Building B, Suite 200
                                        ATLANTA GA 30345-3202                   Atlanta, GA 30350-2887


Jennifer Michelle Hoffmann              Kenneth Alexander Hoffmann              Home Point Financial
5714 Pine Oak Dr                        5714 Pine Oak Dr                        1194 Oak Valley Drive
Norcross, GA 30092-3508                 Norcross, GA 30092-3508                 Suite 80
                                                                                Ann Arbor, MI 48108-8942



Home Point Financial C                  I C System Inc                          IRS
Nmls#7706 9 Entin Rd St                 444 Highway 96 East                     401 W. Peachtree St., NW
Parsippany, NJ 07054-5000               P.O. Box 64378                          Stop #334-D
                                        St. Paul, MN 55164-0378                 Room 400
                                                                                Atlanta, GA 30308


LVNV Funding, LLC its successors and assigns  LVNV Funding/Resurgent Capital    MERRICK BANK
assignee of MHC Receivables, LLC and    Attn: Bankruptcy                        Resurgent Capital Services
FNBM, LLC                               Po Box 10497                            PO Box 10368
Resurgent Capital Services              Greenville, SC 29603-0497               Greenville, SC 29603-0368
PO Box 10587
Greenville, SC 29603-0587

Med Data Systems                        Merrick Bank/CardWorks                  Midland Credit Management, Inc
Attn: Bankruptcy Dept                   Attn: Bankruptcy                        2365 Northside Drive
2001 9th Ave Ste 312                    Po Box 9201                             Suite 300
Vero Beach, FL 32960-6413               Old Bethpage, NY 11804-9001             San Diego, CA 92108-2709
```

| | | |
|---|---|---|
| Midland Funding<br>2365 Northside Dr Ste 300<br>San Diego, CA 92108-2709 | Optimum Outcomes, Inc<br>2651 Warrenville Rd Ste 500<br>Downers Grove, IL 60515-5559 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Portfolio Recovery<br>Po Box 41021<br>Norfolk, VA 23541-1021 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | (p)SCANA AND SUBSIDIARIES<br>220 OPERATION WAY<br>MAIL CODE C 222<br>CAYCE SC 29033-3701 |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 | Verizon<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City OK 73118-7901 |
| Verizon Wireless<br>Attn: Verizon Wireless Bankruptcy Admini<br>500 Technology Dr, Ste 550<br>Weldon Spring, MO 63304-2225 | by American InfoSource as agent<br>PO Box 248838<br>Oklahoma City, OK 73124-8838 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Antero Capital, LLC<br>PO BOX 1931<br>Burlingame, CA 94011 | Caine & Weiner<br>Attn: Bankruptcy<br>Po Box 5010<br>Woodland Hills, CA 91365 | Georgia Department of Revenue<br>Accounts Receivable Collection Section<br>1800 Century Blvd. NE<br>Suite 9100<br>Atlanta, GA 30345 |
| Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | SCANA Energy Marketing, Inc. dba SCANA Energ<br>220 Operation Way, MC C222<br>Cayce, SC 29033 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Amigo Auto Sales, In

End of Label Matrix
Mailable recipients    40
Bypassed recipients     1
Total                  41